**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------X
CYNTHIA TUTELA

                Docket No.

        Plaintiff,

      -against-

KAZ USA, INC.; KAZ, INC.; CVS          **COMPLAINT AND**
CAREMARK CORPORATION; and              **JURY DEMAND**
ABC Corporations, 1-10( said names
being fictitious in the manufacturing,
assembling, designing, distributing,
and selling of the SoftHeat heating
pad)

        Defendant.
-------------------------------------------------X

      Plaintiff complaining of the defendant by their attorneys, FRANZBLAU

DRATCH, P.C. respectfully alleges upon information and belief as follows:

**PRELIMINARY STATEMENT**

      1.     This an action alleging product liability based upon diversity.

**JURISDICTION AND VENUE**

      2.     This Court has jurisdiction over this action based upon diversity of

citizenship in that plaintiff is a citizen and resident of the State of New Jersey and

defendants are citizens of the State of Massachusetts and the State of Rhode

Island respectively pursuant to 28 U.S.C. 1332. .  The amount in controversy

exceeds $75,000.00.

      3.     Venue is proper in this Court pursuant to 28 U.S.C. 1391 (a).

## PARTIES

4.      Plaintiff, Cynthia Tutela  (hereinafter %Plaintiff+) is an individual residing in Roseland, New Jersey

5.      Defendant, Kaz USA, Inc. and Kaz, Inc.  (hereinafter collectively referred to as Kaz are a corporations organized and existing under the laws of the State of Massachusetts with their principal place of business located at 250 Turnpike Road, Southborough, MA 01772. Kaz transacts business within the State of New Jersey.

6.      Defendant CVS Caremark Corporation (hereinafter %CVS+) is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business located at 1 CVS Drive, Woonsocket, Rhode Island, 02895

7.      Defendant ABC 1-10 said names being fictitious are entities whose names are currently unknown who are in the business of manufacturing, assembling, designing and distributing the Soft Heat Heating Pad.

## FACTUAL ALLEGATIONS

8.       At all times mentioned herein, Kaz is engaged in the manufacture, assembly, design, and distribution of crossbows to the general public.

9.      At all times mentioned herein Kaz, designed, manufactured, assembled and distributed the Soft Heat Heating Pad.

10.     At all times mentioned in this complaint, CVS is in the business of selling the Soft Heat Heating Pad.

11.     On or about  of 2010, plaintiff purchased the Soft Heating Pad from CVS in Cedar Grove, New Jersey.

12.     On or about September 16 and 17th, 2012, plaintiff was utilizing the

heating pad, in accordance with its intended use, specifically, placing the heating pad on her body.

13.     As the heating pad was on her body it was caused to burn plaintiff.

14.     The heating pad caused severe and permanent injuries to plaintiff¢s breasts.

15.     The heating pad is a product as defined by <u>N.J.S.A.</u> 2A:58C-1, et seq.

16.     Plaintiff was a reasonable foreseeable user or consumer of the crossbow as defined by <u>N.J.S.A.</u> 2A:58C-1 et seq.

17.     The heating pad referred to above was designed manufactured put into the stream of commerce, prepared for sale to the user or consumer and was sold by Kaz and CVS.

18.     The heating pad was not modified or altered after it was purchased by plaintiff the initial user or consumer of the product in a way not reasonably expectable to the seller.

19.     The heating pad was capable of being made safe for reasonable expected safe use.

**<u>FIRST COUNT</u>**
(**Negligence**)

20.     Plaintiff repeat and reallege each of the foregoing paragraphs as though fully set forth herein.

21.     CVS and Kaz owed a duty to foreseeable users, such as plaintiff to exercise due care in designing, manufacturing, assembling and distributing the heating pad involved in this action.

22.     CVS and Kaz knew or in the exercise of reasonable care should have known, that the heating pad could cause injury to an individuals by causing

severe burns.

23.     Kaz and CVS breached the duty described above in that defendant, recklessly negligently and carelessly:

(a)     Designed, manufactured, assembled, distributed and sold the heating pad in a manner in which the heating pad could cause severe burns to plaintiff's body; and

(b)      Failed to warn or give adequate notice of the tendency of the of the heating pad to cause severe burns; and

(c)     Failed to otherwise exercise due care with respect to designing, manufacturing, assembling, distributing and selling the heating pad that is the subject matter of this action.

24.     As a direct and proximate result of Kaz and CVS's negligent acts and omissions, plaintiff was caused to suffer severe and permanent personal injuries, extreme pain and suffering, emotional trauma, future pain and suffering, loss of enjoyment of life, incurring of medical expenses, disability and impairment.

**WHEREFORE,** plaintiff demands judgment against each of the defendants jointly and severally for the following relief:

(a)     damages;

(b)     costs of suit;

(c)     interest; and

(d)     such other relief as the court deems just and proper.

## SECOND COUNT
### (Implied Warranty)

25.     Plaintiff hereby repeats and realleges each of the foregoing paragraphs as if the

same were more fully set forth at length herein.

26.     Defendants impliedly warranted that the heating pad in question was merchantable, safely designed and fit for a particular purpose for which is was produced, sold and intended to be used, that is as placing the heating pad on a persons body.  Plaintiff relied on those warranties in purchasing the heating pad in question.

27.     Defendants Kaz and CVS breached those implied warranties in that the heating was not merchantable, safely designed, nor fit for its intended use. In fact, the heating pad was inherently dangerous in that the heating pad causes severe and permanent burns.

28.     As a direct and proximate result of defendants breach of the implied warranties described above, plaintiff was caused to suffer severe and permanent personal injuries, extreme pain and suffering, emotional trauma, future pain and suffering, loss of enjoyment of life, incurring of medical expenses, disability and impairment.

**WHEREFORE,** plaintiffs demand judgment against defendant each of the defendants jointly and severally  for the following relief:

(a)     damages;

(b)     costs of suit;

(c)     interest; and

(d)     such other relief as the court deems just and proper.

## THIRD COUNT
### (Express Warranty)

29.     Plaintiff hereby repeats and realleges each of the foregoing paragraphs as if the same were more fully set forth at length herein.

30.     Defendants, expressly warranted that the heating pad in question was

merchantable, safely designed, and fit for a particular purpose for which it was produced, sold and intended to be used.  Plaintiff relied on those express warranties in purchasing the crossbow that is the subject of this action.

31.    Defendant, breached those express warranties in that the heating pad in question was not merchantable, safely designed, nor fit for its intended use, but was in fact inherently dangerous, in that the soft heat heating pad did cause severe burns and permanent personal injuries.

32.    As a direct and proximate cause of defendant breach of expressed warranties as described above, plaintiff was caused to suffer severe and permanent personal injuries, extreme pain and suffering, emotional trauma, future pain and suffering, loss of enjoyment of life, incurring of medical expenses, disability and impairment.

**WHEREFORE,** plaintiffs demand judgment against defendants Barnett and Cabela for the following relief:

(a)    damages;

(b)    costs of suit;

(c)    interest; and

(d)    such other relief as the court deems just and proper.

## FOURTH COUNT
### (Strict Liability)

33.    Plaintiff hereby repeats and realleges each of the foregoing paragraphs as if the same were more fully set forth at length herein.

34.    At the time Kaz manufactured, designed, distributed, assembled the crossbow and at the time CVS sold the crossbow to plaintiff, the heating pad contained a defect that made it unsafe for its intended use.  Specifically, the

heating pad can cause severe and permanent burns to a person's body.

35.    The defect described above rendered the heating pad unreasonably dangerous product fraught with unexpected dangers to foreseeable users.  Defendants are strictly liable in tort for damages incurred by plaintiff.

36.    As a direct and proximate cause of CVS and Kaz's actions in allowing plaintiff to purchase and operate an unreasonably dangerous product, plaintiff was caused to suffer severe and permanent personal injuries, extreme pain and suffering, emotional trauma, future pain and suffering, loss of enjoyment of life, incurring of medical expenses, disability and impairment.

**WHEREFORE,** plaintiffs demand judgment against  each of the defendants jointly and severally for the following relief:

(a)    damages;

(b)    costs of suit;

(c)    interest;

(d)    attorney's fees; and

(e)    such other relief as the court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury on all issues.

FRANZBLAU DRATCH, P.C.
*Attorneys for Plaintiff*


BY: /s/ Brian M. Dratch
     Brian M . Dratch

DATED: November 13, 2013